In the Matter of the Liquidation of NEW YORK TITLE AND MORTGAGE COMPANY.

In the Matter of the Rehabilitation of the NATIONAL MORTGAGE CORPORATION.

Supreme Court, Additional Special Term, New York County, February 19, 1936.

*Alfred C. Bennett,* for the Superintendent of Insurance of the State of New York.

*Benjamin J. Rabin,* for the State Mortgage Commission.

FRANKENTHALER, J. This is an application by the Superintendent of Insurance for leave to compromise two actions, instituted by him as liquidator of the New York Title and Mortgage Company (hereinafter referred to as the " Mortgage Company ") and as rehabilitator of the National Mortgage Corporation, respectively.

The first is brought against the former directors of the Mortgage Company, the estates of deceased directors, and the President and Directors of the Manhattan Company to recover damages sustained (1) because of the alleged violation by the directors of the duties of their office, and (2) by reason of various transactions had between the Mortgage Company and the President and Directors of the Manhattan Company. In the other action a recovery is sought against the former directors of the National Mortgage Corporation for damages which it is charged were suffered as a result of their failure to properly perform their duties as directors. In the first action the complaint demands judgment for more than $20,000,000, while in the second, judgment for $2,500,000 " and upwards " is asked for. The proposed compromise, which is now submitted to the court for approval, calls for the payment to the Superintendent of $1,475,000 in full settlement of both actions, of which $1,250,000 is to be allocated to the action against the directors of the Mortgage Company and the remaining $225,000 to the other suit.

The application for the court's approval of the settlement is made by the Superintendent on notice to the Mortgage Commission. The chairman of the Commission has submitted an affidavit reading as follows:

" The Mortgage Commission has no knowledge of the extent of proof which the Superintendent of Insurance may have as to the causes of action now pending and is in no position to either assent to or dissent from the proposed settlement.

" The Mortgage Commission of the State of New York has neither instituted nor intervened in these actions nor has it been at any time a party thereto. The first formal notice thereof was received on January 29th, 1936, by delivery of a copy of the proposed order.

" Deponent, as Chairman of the Mortgage Commission of the State of New York, urges that the Commission is not a party to this settlement and respectfully declines to pass thereon or to be bound thereby and requests that its name and all references to it be stricken from the order."

The position now taken by the Mortgage Commission is in marked contrast to that assumed by it in connection with a similar application by the Superintendent of Insurance for leave to compromise an action against former directors of the State Title and Mortgage Company. In that proceeding, according to the petition of the Superintendent, the Commission was given notice and indicated that it did not disapprove of the proposed settlement.

It is difficult to understand the cause of this change of front on the part of the Commission. It is even more difficult to justify the Commission's desire to have nothing to do with a proceeding for judicial approval of a settlement by the terms of which claims in an aggregate amount of more than $22,500,000 are to be compromised for $1,475,000. In view of the fact that the National Mortgage Corporation is a wholly-owned subsidary of the Mortgage Company, which is now in liquidation, it is clear that the amounts recovered in the two actions will ultimately be distributed to the creditors of the latter. It is thus evident that those most vitally interested in the proposed compromise are the creditors of the Mortgage Company, who consist, for the greater part, of the holders of guaranteed mortgage certificates issued by the Mortgage Company. The act creating the Mortgage Commission cannot be read without arriving at the conclusion that the Legislature intended the Mortgage Commission to act as representative of the widely scattered and unorganized certificate holders of various issues until the latter could organize themselves and take adequate care of their own affairs. Section 1 of the Mortgage Commission Act (Laws of 1935, chap. 19), which lists the various conditions declared to constitute the " emergency " necessitating the passage of the act, states:

" The holders of such mortgage investments are asserting a great variety of claims against many of these companies, and also allege that the superintendent of insurance and the superintendent of banks are disqualified to represent them because of the conflict in interest between the companies and such holders. * * *

" The holders of mortgage investments in many thousands of issues are numerous and it has been difficult to obtain concerted action by them. The department of insurance and the banking department are not sufficiently equipped to enable their personnel to efficiently perform their usual duties and properly carry on their normal functions, and, in addition, to perform the burdensome task of representing the holders of mortgage investments of thousands of separate and distinct mortgage issues which require the proper administration of upwards of twenty thousand parcels of real property underlying the same. * * * Legislation adapted to meet the emergency by conferring power upon a new state agency to act promptly and to encourage, promote and facilitate self-organization by the holders of mortgage investments until such time as there may be established other effective organizations for the administration of their interests is essential to protect the vital interests of the state."

Section 6 of the act, dealing with the "functions of commission," requires the latter to take over from the Insurance and Banking Departments the possession and the control of and legal title to all collateral or security against which outstanding mortgage investments have been issued or guaranteed and provides that the Commission, in connection therewith, should exercise the functions previously performed by the Superintendent of Insurance and the Superintendent of Banks. Section 29 of the same act provides that: "The commission shall have and continue all of the rights, powers, duties and obligations of the superintendent of insurance and the superintendent of banks with respect to all bonds, notes or other evidences of indebtedness, mortgages or property taken over by it from the superintendent of insurance and the superintendent of banks pursuant to the provisions of this act, and with respect to all matters within its jurisdiction."

Even if it be assumed that the sections above referred to impose no positive duty upon the Commission to represent the interests of the certificate holders upon an application of this character it seems to be clear that the Commission *may* represent the certificate holders, if it wishes to do so, for section 30 of the act reads as follows:

"§ 30. Commission may institute and/or intervene in court proceedings. The commission upon its application shall be permitted to institute, intervene in, and prosecute, all actions or proceedings which involve the rehabilitation, reorganization, liquidation or foreclosure of mortgages, or in which demand is made for any other relief with reference thereto, *or in any action or proceeding affecting the rights or interests of holders of mortgage investments growing out of misfeasance, malfeasance or nonfeasance of any officer, director, agent, servant, employee or other person in connection with the issuance, sale, distribution or guarantee of any mortgage investment or the enforcement of the rights of the holders of mortgage investments thereunder.*" (Italics the court's.)

It appears to be equally clear that the act contemplates in spirit, if not in letter, that the Commission is to represent the thousands of scattered and unorganized certificate holders until they have succeeded in organizing themselves. Those who hold certificates in issues which have been reorganized under trustee or corporate plans do not need the Commission to act on their behalf, for they may act through their trustees or corporations. However, unless the Mortgage Commission chooses to act on behalf of the numerous *other* certificate holders of the Mortgage Company there is no one other than the petitioner to represent them except a voluntary committee of creditors of the Mortgage

Company which has been organized, but which has no official status, and, besides, does not legally represent all the certificate holders. It is hard to believe that on an application of this character, the determination of which will affect claims aggregating more than $20,000,000, the Commission does not merely decline to intervene, but, what is worse, having properly been made a party to the proceeding by the Superintendent, insists on being eliminated therefrom. The Commission's present attitude cannot be reconciled with its willingness to indicate its views in connection with the application to compromise the action brought by the Superintendent of Insurance against the directors of the State Title and Mortgage Company, previously referred to, where the Commission apparently recognized the fact that it represented all unorganized certificate holders. Nor can the Commission's desire to be eliminated from the instant proceedings be reconciled with its action in filing proofs of claim on behalf of certificate holders against the Mortgage Company in the liquidation proceedings affecting the latter. The Commission filed a blanket proof of claim " on behalf of all the certificate holders of mortgage investments of the New York Title and Mortgage Company, for all moneys due or to become due either by reason of mortgage investments, as defined in said statute, owned by them which were issued, sold or guaranteed by the aforesaid company, or by reason of the guarantee of the said company on such mortgage investments which it issued, sold and guaranteed, which are now in default or which may hereafter become in default, and also for such moneys that may be due or to become due said holders of mortgage investments, together with all accumulated interest now due or to become due." In addition to the blanket proof of claim the Commission filed approximately 144 separate proofs of claim one for each of the various series, except two (Series F-1 and N-9) which had been reorganized prior to the time the Commission assumed jurisdiction of the certificated series. The specific proofs of claim contain the following significant language:

" That the reason why this proof of claim is made by the Mortgage Commission of the State of New York and not by the individual holders of mortgage investments in the aforesaid Series is that the Mortgage Commission of the State of New York, pursuant to Chapter 19 of the Laws of 1935, as amended, and any and all other laws and acts supplemental thereto and amendatory thereof or thereunto appertaining, and pursuant to the take over above described is empowered to intervene on behalf of the holders of mortgage investments in proceedings affecting the enforcement of the rights of such holders.

" The Mortgage Commission of the State of New York hereby files this claim for and on behalf of all of the holders of mortgage investments as a class in the ———— issue of the New York Title and Mortgage Company, and its subsidiaries, for all moneys due or to become due either by reason of mortgage investments, as defined in said statute, owned by them which were issued, sold and/or guaranteed by the aforesaid debtor and/or its subsidiaries and which are now in default or which may hereafter become in default and also for any other moneys which may be due or which may become due to such holders of mortgage investments as a class together with any accumulated interest now due or to become due, but reserving to the holders of mortgage investments all rights which they may have under and by virtue of the aforesaid mortgage investments and by virtue of any guaranty policies and depository agreements relating thereto.

" This proof of claim is submitted on behalf of the Mortgage Commission of the State of New York in its own behalf as a State agency created under Chapter 19 of the Laws of 1935, and in order to preserve its position and rights with respect to its obligations to the aforesaid holders of mortgage investments, and to protect the rights of said holders of mortgage investments, individually and/or collectively. The Mortgage Commission of the State of New York reserves the right to file an amended proof of claim herein.

" This claim shall enure to the benefit of any trustees chosen or to be chosen in reorganization of the issue or otherwise, or any representatives of certificate holders, and reservation is hereby made giving such trustee so chosen or any representative of certificate holders, at any time after his appointment, the right to file an amended proof of claim under the terms of any plan of reorganization or otherwise as approved by the Court.

" The Mortgage Commission of the State of New York in its own behalf and on behalf of the holders of mortgage investments in the above described series hereby claims a preference and the right to priority of payment in the sum of $———— over general creditors of the New York Title and Mortgage Company and/or its subsidiaries and over creditors holding trust claims against the assets of the said companies on account of moneys misappropriated by the aforesaid companies before the date of rehabilitation."

In a pending proceeding seeking the reorganization of the Union Guarantee and Mortgage Company the Mortgage Commission itself has filed an affidavit which refers to the Commission as " the exclusive statutory representative of certificate holders." These acts of the Commission indicate its appreciation of the fact

that the Legislature contemplated that the Commission was to be the statutory representative of all unorganized certificate holders.

The present application is of the utmost importance to certificate holders of the Mortgage Company, in view of the aggregate amount of the claims proposed to be compromised. Moreover, the releases to be executed embrace " any claim or demand or cause of action vested in " the Superintendent of Insurance or in the Mortgage Company or the National Mortgage Corporation, " or which has been or might have been asserted by any of them in said action in the Supreme Court of the State of New York, New York County, *whether or not such claim or demand or cause of action is referred to in the complaint or complaints in said action or in any bill of particulars served by the plaintiff therein.*" (Italics the court's.) This language is capable of a construction which might include the release of claims for improper recoupments and possibly other claims which form no part of the causes of action contained in the present complaints. Although the statements contained in the Superintendent's petition appear, on their face, to indicate that the proposed settlement may be a good one, the court feels that no action should be taken upon the application until all trustees or corporations representing certificate holders and also the committee of creditors of the Mortgage Company have been given notice and an opportunity to present their views. It is not impossible that this may result in the disclosure of facts tending to indicate that the settlement is not an advantageous one from the standpoint of the certificate holders and other creditors. As to the Mortgage Commission, which is taking the position that it neither assents nor dissents, the court can do no more than point out that the Commission's attitude represents a narrow conception of its duty to the unorganized certificate holders whose representative it was intended to be. Instead of availing itself of the opportunity to investigate the facts and assist the certificate holders in obtaining as large a recovery as possible, the Commission prefers to keep its hands off and demands that it be eliminated from the proceeding. It is obviously impracticable to give notice to all certificate holders, and it is equally impracticable for the court to assume the role of advocate on behalf of the certificate holders. Surely the Mortgage Commission, a State agency, should be able without any difficulty to ascertain from the Insurance Department, another agency of the State, the extent of the evidence in the latter's possession which would support the causes of action asserted in the complaints. Under the circumstances, the Commission's mere disclaimer of knowledge " of the extent of proof which the superintendent of insurance may have " without making any effort

(as far as the record indicates) to obtain such knowledge is difficult to understand.

For the reasons indicated the Superintendent is directed to give notice to trustees and corporations representing certificate holders, as well as to the committee of creditors of the Mortgage Company, of an oral hearing upon the present application at which they may be heard and in connection with which they may submit affidavits, testimony and briefs. The determination of the application will meanwhile be held in abeyance.

Settle order.